THOMAS TREADWAY AND CHARLES B. DWIGHT, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF SAMUEL CASTLE DWIGHT, DECEASED, *v.* GRACE B. PA, DEFENDANT, EDWIN P. MURRAY, AUDITOR, CITY AND COUNTY OF HONOLULU, GARNISHEE.

No. 2479.

ARGUED APRIL 23, 1942.  DECIDED MAY 9, 1942.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE MATTHEWMAN IN PLACE OF LE BARON, J., DISQUALIFIED.

*Per Curiam.* This is an order to show cause issued upon the court's own motion and directed to the plaintiff in error to show cause, if any she has, why the writ of error heretofore and on, to wit, April 8, 1941, issued herein should not be dismissed for want of prosecution, upon the ground that although the record on appeal had been filed in this court on May 28, 1941, no briefs since that time had been filed by either party and the time for the filing of briefs had since elapsed.

The plaintiff in error filed a written return to the show cause in which she alleged that her attorney had made inquiries concerning the status of the record in this court and had been informed by the deputy clerk that due to an oversight the record had been misplaced and the case was never entered on the court's calendar and that he would call the matter to the attention of the chief justice; that said deputy clerk did call the matter to the attention of the chief justice and the latter directed the

clerk to take the matter up with him at some future date, when there was a full court; that her attorney had not received any notice of any kind of the case having been placed on the calendar nor did said attorney receive any notice calling for briefs to be filed, and had relied on the clerk of the court to notify her of the time to file her brief, this being the usual procedure in such matters in the supreme court.

The record of this case in this court shows that the case was placed on the calendar of this court on May 28, 1941, since which time no briefs have been filed by either of the parties; that no notice to the parties was given by the clerk that he had placed the case on the calendar until August 11, 1941.

The rules involved are rule 1, paragraph 1, and rule 3, first sentence, quoted in the margin.[1]

In support of the return to the show cause, the attorney for plaintiff in error testified that consistently with her interpretation of the rules, viz., that both the placing of the case upon the calendar and the notice thereof to the parties required by rule 1, paragraph 1, were conditions precedent to the requirements of rule 3 as to briefs; she, in July 1941, not having received a notice from the clerk in compliance with said rule, inquired of the deputy clerk as to the status of the case and upon his admission that he had neglected to give the required notice, but with his insistence that he had placed the case on the calendar on May 28, 1941, and that her time to file briefs had expired, requested him to take the matter up with the chief

---

[1] "1.  The clerk shall place upon the calendar each case brought to or pending in this court in its proper chronological order and forthwith give notice thereof to the parties."

"3.  Within fifteen days after a case on appeal, whatever the form thereof, has been placed on the calendar the appellant shall file a printed or typewritten brief and three copies thereof and a certificate or acknowledgment of service of a copy thereof upon the appellee."

justice and find out whether or not she could file briefs; that she left the matter with the deputy clerk to take up with the chief justice because it was through no error on her part that her time had expired; that later she was informed by the said deputy clerk that he had explained the situation to the chief justice and the latter had replied that nothing could be done in the matter until there was a full court. (There was a vacancy in the court from June 20, 1941, until April 2 of this year.) The deputy clerk's version of these conversations with the attorney for plaintiff in error is substantially the same after making due allowance for differences in memory as to the time and place of their occurrence except that the deputy clerk claims that he did not understand that the suggested reference to the chief justice was to ascertain from the latter whether or not the attorney for the plaintiff in error could file briefs but was by way of a report of a situation in which the clerk's office was involved. He insisted that upon the occasion of one or more conversations with the attorney for the plaintiff in error he informed her that the case had been placed on the calendar on May 28 previous and that he would give her written notice to that effect in lieu of the notice that should have been sent on May 28, 1941, when the case had been placed on the calendar. The deputy clerk supplemented the record by the sworn statement that on August 11, 1941, he gave notice to the parties that the case had been placed on the calendar by mailing the same, postage prepaid, addressed to them at their respective offices in Honolulu. The attorney for the defendant in error admitted receipt by him of such notice, produced the same and it is on file as an exhibit. The attorney for the plaintiff in error denied having received such notice.

Rule 1, paragraph 1, of this court has reference to the calendar of the court and to the duties of the clerk in

respect thereto. Rule 3 has reference to briefs and the duties of the parties in respect thereto. Whereas, the bringing to or pendency of a case in this court initiates the duties of the clerk under rule 1, paragraph 1, it is only one of those acts, to wit, the placing of the case on the calendar, that initiates the duty of the appellant in respect to briefs under rule 3. The failure of the clerk to give the required notice under rule 1, paragraph 1, is only material in respect to the rule regarding briefs as the absence of notice may effect diligence.

A case is "brought to" or "pending" in this court, within the meaning of those terms as employed in rule 1, as they apply to the instant case when the record on appeal is presented for filing. The act of filing the record on appeal fixes the date when the case is placed upon the calendar. The duty to place upon the calendar and give notice is merely directory.

Obviously, one may not complain of lack of notice in respect to an act of which he has knowledge. So that where the appellant has knowledge of the act of filing the record on appeal, he necessarily has knowledge of the date when the case was placed upon the calendar of the court, and the presence or absence of notice by the clerk of that fact becomes immaterial unless, of course, such knowledge does not come into the possession of the appellant until after the record on appeal has been filed. Hence, whether the clerk, after placing the case on the calendar, gave notice thereof to the plaintiff in error is immaterial except as it may affect the question of diligence on her part under rule 3.

The attorney for the plaintiff in error admitted that on May 28, 1941, she knew that the record on appeal in the instant case had been filed in this court. And she was bound to know that under rule 1, paragraph 1, the case thereupon automatically took its place on the calendar,

whether the clerk physically placed it there or not. And finally, being possessed of the knowledge on May 28, 1941, that the record on appeal in the instant case had been filed, no notice was necessary and she was bound to proceed in respect to briefs pursuant to the provisions under rule 3.

By this we do not mean that where rules of court are not observed, the only alternative is dismissal of the appeal. Thus far it has been our endeavor to construe the rules involved, but having done so and found that their requirements were not observed, it is further our duty to examine the facts and determine whether, despite the failure of the appellant to conform to the rules pertaining to briefs, she has prosecuted her appeal in good faith and with proper diligence. For, after all, good faith and diligence are always considered even though they may not measure up to the requirements of rules.

In our opinion, the plaintiff in error has failed to give any satisfactory reason for her failure to file an opening brief in this case. She has evinced not only an absolute lack of diligence but also an absence of good faith. As already said, her attorney on May 28, 1941, knew that the record on appeal had been filed on that day in the supreme court. She, the attorney, apparently appreciated in July, 1941, that either she was correct in her interpretation of the rule, *i.e.*, that both placing the case on the calendar and notice thereof to the parties, were conditions precedent to the obligation of filing the opening brief or she was in default. Instead of moving in the premises, however, she took refuge behind the clerk's dereliction of duty and imposed upon him the burden of extricating her while extricating himself. The reply of the chief justice was absolutely meaningless as far as she was concerned. She personally made no effort to approach the chief justice and ascertain her status even if he were privileged to

advise her in that regard. She took no precautionary steps to secure a judicial construction of the rules or to keep the time open within which the opening brief might be filed. She failed to take advantage of the most obvious solution of her dilemma and file an opening brief. Had she done so, the first step in her rehabilitation would have been taken and this, with her construction of the rules, might have constituted a sufficient answer to any claim of lack of diligence. But she did nothing to correct the situation or secure relief if in default. On the contrary, she apparently willfully refused to file an opening brief until she had received notice from the clerk that the case had been placed on the calendar. Giving to her evidence the most favorable construction of which it is capable, her sole justification for her failure to file an opening brief in this case is an obstinate refusal to do so until the clerk gave her notice of what she already knew. In the meantime, almost a year has passed and nothing has been done. Such flagrant disregard of the rules of this court cannot be tolerated.

Under ordinary circumstances this court is loath to visit upon delinquent appellants guilty of nonobservance of its rules the penalty of dismissal, especially where the appeal has been perfected and the irregularity involved is not jurisdictional. In the exercise of its discretion it has consistently, despite the presence of irregularities, overlooked the shortcomings of appellants and permitted appeals to go to the merits where to do so was not prejudicial to the rights of appellees or other parties to the proceeding. But all the surrounding circumstances of this case indicate that the present appeal is without merit and was taken for purposes of delay. No claim was made by the appellant by her return or upon the argument of her attorney upon the show cause that there is manifest error in the record. Nor after examination of the record by

the court does any error appear. To the contrary, error is absent. This is an action upon promissory notes. The answer was not made a part of the record and it is only from the decision of the trial judge, jury waived, that we may be advised in that regard. Apparently, the sole defense was the statute of limitations. Upon the trial the defendant admitted the due execution of the notes in question and the only question involved was whether a new promise had been made by the maker and if so the extent of the promise and whether it was sufficient to imply a new promise on the part of the defendant to pay the notes. The court found that a new promise had been made but that the same had been qualified by a setoff claimed by the maker; correctly applied the law applicable to the facts found and ordered judgment for the full amount of the notes less the amount of the setoff, with interest to both sides. The judgment is correct.

Pursuant to the views hereinbefore expressed, the writ of error herein should be dismissed and it is so ordered.

*R. August* for plaintiff in error.

*C. B. Dwight* for defendant in error.